FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## COMPLAINT

William L. Johnson 100093
Pierce B. Haynes L3437
Jones Butler 101324

*(Enter above the full name of the plaintiff or plaintiffs and prisoner number of each plaintiff in this action)*

FILED

MAY 23 2005

J.T. NOBLIN, CLERK
BY_____ DEPUTY

v.

CIVIL ACTION NUMBER: 3:05cv 324 HTW-JCS
(to be completed by the Court)

Sr. Warden Donald Jackson
Walnut Grove Youth Correctional Facility

*(Enter above the full name of the defendant or defendants in this action)*

---

## OTHER LAWSUITS FILED BY PLAINTIFF

**NOTICE AND WARNING:**
The plaintiff must fully complete the following questions. Failure to do so may result in your case being dismissed.

A. Have you ever filed any other lawsuits in a court of the United States?   Yes ( )  No ( ✓ )

B. If your answer to A is yes, complete the following information for each and every civil action and appeal filed by you. (If there is more than one action, complete the following information for the additional actions on the reverse side of this page or additional sheets of paper.)

1. Parties to the action: N/A

2. Court (if federal court, name the district; if state court, name the county): N/A

3. Docket Number: N/A

4. Name of judge to whom case was assigned: N/A

5. Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?): N/A

1

## PARTIES

item I below, place your name and prisoner number in the first blank and place your present address in the second blank. Do the same for additional plaintiff, if any).

I. Name of plaintiff: _William L. Johnson_ Prisoner Number: _100003_

   Address: _W.G.Y.C.F, P.O.B. 389_

   _Walnut Grove, MS 39189_

(In item II below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use the space below item II for the names, positions, and places of employment of any additional defendants.)

II. Defendant: _Sr. Warden Donald Jackson_ is employed as

   _Sr. Warden_ at _Walnut Grove_

   _Youth Correctional Facility_

The plaintiff is responsible for providing the court the name and address of each plaintiff(s) as well as the name(s) and address(es) of each defendant(s). Therefore, the plaintiff is required to complete the portion below:

PLAINTIFF(S):

NAME:
_William L. Johnson 100003_

_Deece R. Haynes 63437_

_James Butl.77 101824_

ADDRESS:
_P.O. Box 389, Walnut Grove, MS 39189_

_P.O. Box 389, Walnut Grove, MS 39189_

_P.O. Box 389, Walnut Grove, MS 39189_

DEFENDANT(S):

NAME:
_Sr. Warden Donald Jackson_

ADDRESS:
_1450 Hwy 492, Walnut Grove, MS 39153_

2

# ADMINISTRATIVE REMEDIES PROGRAM

A.    At the time of the incident complained of in this complaint, were you incarcerated because you had been convicted of a crime?

Yes ( ✓ )    No (    )

B.    Are you presently incarcerated for a parole or probation violation?

Yes ( ✓ )    No (    )

C.    Did you present the facts relating to your complaint in the administrative or grievance procedure in your institution?

Yes ( ✓ )    No (    )

1.    If you answer to C is yes,

   a.    State the date your claims were presented: March 01, 2005 + March 29, 2005

   b.    State how your claims were presented. (Written request, verbal request, request for forms)

   Written requests

   c.    State the result of that procedure. (You must attach a copy of the final result, such as a certificate from the administrator of the Administrative Remedies Program stating that you have exhausted your administrative remedies.)

   We never recieved a response on either A.R.P.

2.    If you have not filed a grievance, state the reasons:    N/A

3

## STATEMENT OF CLAIM

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also, include the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need; attach extra sheet if necessary.)

The Defendant, Sr. Warden Donald Jackson, violated this
by willfully, knowingly, and unlawfully breaking the 1st Amend-
ment of the U.S. Constitution-Bill of Rights which states, "Con-
gress shall Pass no law respecting an establishment of religion
or prohibiting the free exercise thereof, etc." First of all Warden
Jackson violated by terminating the previously employed Imam,
Sahud A. Shabazz and is not showing any effort in hiring a new
Imam to replace Imam Shabazz while Imam Shabazz was still
employed here at W.C.Y.C.F. Warden Jackson was prohibiting –
(continued on additional page attached to back of form)

## RELIEF

State what relief you seek from the court. Make no legal arguments. Cite no cases or statutes.

We would like for a full-time Imam to be hired. ² We would like to be
able to express our religion physically as in being able to grow hair and
beards, wear kufi caps, purchase prayer rugs, Al-Qur'ans, and prayer beads, etc.
³ We would like the new Imam, preferably Sahud A. Shabazz, to be able
to come about the facility, to be able to hold Ta'leem and Jum'ah services
regularly for A, B, C, & D custody inmates. ⁴ Stop serving pork.

Signed this 23 day of April , 20 05

_Williams L. Johnson 102073_
_Ruin R. Hays #th 3457_
_Carmer Pratt# 10824_
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

04-23-2005
(Date)

_William L. Johnson 100073_
_Ruin R. Hays #th 3457_
_Carmer Pratt# 10/824_
Signature of plaintiff(s)

4

(Continuations of "Statement of Claim" on page 4)

~~are~~ the free exercise of Al-Islam because ~~he a~~ he did restrict Ta'leem and Ju'ma services to 27 ~~inm~~ inmates and did require a list of names for inmates who attended these religious service. There were a great number of inmates that wanted to attend these services, but couldn't due to the fact that their names were not on the list. We, the Muslim inmates, here at W.G.Y.C.F. don't feel that this was fair because he didn't restrict Christian services to 27 inmates or did he require a list for Christian services. Warden Jackson also restricted the previously employed Imam, Shahid G. Shabazz from moving about the facility and from visiting the Muslim inmate on C and D custody. We also don't feel that this was fair because the chaplain is free to go about facility as he pleases and also is he allowed to preach to inmates on C and D custody. We don't feel that this was fair because Imam Shabazz was on the payroll just as Chaplain Mann is.

　　　　End of Statement

STATE OF MISSISSIPPI

COUNTY OF Leake

## AFFIDAVIT

PERSONALLY appeared before me the undersigned authority in and for the aforesaid jurisdiction, _____William L. Johnson_____, who being duly sworn by me does depose and state the following:

I, _____William L. Johnson_____, do hereby state that the following is true and correct to the best of my belief and knowledge.

I'm writting this Affidavit to beg't the court on my complaint I have filed several complaints with Walnut Grove Youth Correctional Facility about the violation of my first Amendment right by denying me Islamic services They have terminated our Imam Shahid Q snobzz for no reason at all We have filed several complaints on this argument, but we never get a response back from our administrative remedy requests so therefore I'm putting my faith in the court on to assist me with this situation. These administrative staff at W.G.Y.C.F. abuse their authority All that is stated on this complaint with this Affidavit is true I would like to be able to practice Al-Islam as the Christians do in this facility I'm being housed in at this time

Signed, this the ___5___ day of May _____, 2005

_William L. Johnson_
Signature

SWORN AND SUBSCRIBED before me, this the ___5___ day of
May _____, 2005

_Lashunda E. Millsaps_
Notary Public

My commission expires:

STATE OF MISSISSIPPI

COUNTY OF Leake

## AFFIDAVIT

PERSONALLY appeared before me the undersigned authority in and for the aforesaid

jurisdiction, Pierre Haynes _____, who being duly sworn by

me does depose and state the following:

I, Pierre Haynes _____, do hereby state that the

following is true and correct to the best of my belief and knowledge.

I am writing this Affidavit to brief the court on my
complaint. I have filed several complaint with
Walnut Grove Youth correctional Facility on the violation
of my 1st Amendment Denying me of my religion at
muslim Services. They have terminated our Iman
Shabid A. Shabazz for no reason at all. we have
filed several complaints on this argument But our
recent Doc Administrative Remedy Always get
destroyed because we never get an answer for
that complaint. so thereFore I am putting my faith
in the court on assisting me on this complaint. They
authorized staff abused there authority at(W.GY.C.F)
All that is stated on this complaint with this
Affidavit is true. I would like to practice my
religion as the christian in this facility. I'm being

_burned in at this time._

Signed, this the ___5___ day of _____ May _____, 2005

_Russ R. Haynes_
Signature

SWORN AND SUBSCRIBED before me, this the ___5___ day of
May _____, 2005

_Lashunda E. Millsaps_
Notary Public

My commission expires:

STATE OF MISSISSIPPI

COUNTY OF ___Leake___

## **AFFIDAVIT**

PERSONALLY appeared before me the undersigned authority in and for the aforesaid

jurisdiction, ___James R. Ratliff___, who being duly sworn by

me does depose and state the following:

I, ___James Ratliff___, do hereby state that the

following is true and correct to the best of my belief and knowledge.

I'm writing this affidavit to brief the court on my complaint. I have filed several complaints with W.G.Y.C.F about the violation of my First Amendment by denying me freedom to practice my belief, by stopping Islamic Services. They have terminated our Imam, Elishid Q. Shabazz out of discrimination and many unjust flaws. We have filed several complaints on this argument, but we never get a response back from our administrative remedy requests so therefore I'm putting my faith in the court to assist me with this situation. The administrative staff at W.G.Y.C.F abuse their authority in an wrongful negative way which result in unfair treatment which is the root of which this issue occured. All that is stated on this complaint with this Affidavit is true. I would like to be able to practice

Al-Islam as the christians practice Christianity in this facility. I'm being housed in at this time.

Signed, this the ___5___ day of _May_, _2005_

_James Ratliff_
Signature

SWORN AND SUBSCRIBED before me, this the ___5___ day of
_May_, _2005_.

_Lashunda Nelson_
Notary Public

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: Sep 14, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My commission expires:

THIS A REQUEST FOR ADMINISTRATIVE REMEDY

William L. Jundsen _____ 100673 ___ 6-Alpha-24   March 29, 2005
INMATE NAME                          MDOC #        UNIT/CELL        DATE

DATE OF INCIDENT: March 29, 2005

TIME OF INCIDENT: 8:30 p.m.

PLACE OF INCIDENT  W.G.Y.C.F.

COMPLAINT ON  Warden Donald Jackson

STATEMENT

I, William L. Jundsen inmate no. 100673, on the above date and approximate time am filing this A.R.P. on, Warden Donald Jackson, at Walnut Grove Youth Correctional Facility, for his willfully, knowingly, unlawfully, and feloniously breaking at our First Amendment Right which states "Congress shall not pass no law respecting an establishment of religion or prohibit the free exercise thereof, etc." (See Case No. 85-1722. O'lone, Administrator, Leesburg Prison Complex, Et. Al. V. Estate of Shabazz Et Al.)?

First of all, Warden Jackson, terminated the previous Muslim Imam, Shahid Q Shabazz, for reasons that I'm not aware of and he refused to replace Shabazz, with another Imam. This constitutes a major problem for me and other inmates because this is Islam is the religion that we pursue and this complicates the way we practice our beliefs.

While, Imam Shabazz was still employed here at W.G.Y.C.F. and we were practicing our Islamic services, Warden Jackson, was still willfully, knowingly, unlawfully, and feloniously violating our First Amendment Right when it stated that "Congress shall not pass a law prohibiting the free exercise of religion" because he did limit our Islamic services to 25 inmates The only inmates that could attend our services were the ones that were named on the Jumu/Ta'leem attendance call. There were a great numbre of inmates that wanted to

RELIEF SOUGHT

I would like to file an class act civil suite along with Pierce Haynes inmate no L 3437 against Walnut Grove Youth Correctional Facility for violation of our right to practice religion That You very much

"Amended to before A.R.P."

attend Juma/Taleem services, but couldn't due to the circumstance that their name were not enlisted on the attendance roll. Again, this is just evidence of how Warden, Donald Jackson, violated our First Amendment Right of the United States Bill of Rights. when it states that "Congress will not pass no law prohibiting the free exercise of religion" because he did prohibit the free exercise of religion here at Walnut Grove Youth Correctional Facility.

Also while, Imam Shabazz, was still employed here at W.G.Y.C.F., Warden Jackson, did willfully, knowingly, unlawfully, and feloniously violate our First Amendment Right when it states that "congress shall not pass no law respecting an establishment of religion" because, Warden Jackson, didn't require the names of inmates attending Christian Services to be on a attendance roll or did he not limit Christian services to 25 inmates as in the same way that he required a list for Juma/Taleem services and did limit Juma/Taleem services to 25 inmates. Therefore, Warden Jackson, was proved to have violated our First Amendment Right of the United State's Bill of Rights —

"Amendment to future A.R.P." when it states "Congress shall make no laws respecting an establishment of religion" because, Warden Jackson, did show respect to Christianity over the Nation of Islam.

The previous time that I filed a A.R.P. harm on this exact same matter I never did get an response. There are alot of illegally and feloniously things that take place within the administrative personel of this facility so. I don't know if they disposed of the A.R.P. or what. Therefore I'm stating that I plan to take this A.R.P. all the way to the third step just incase this A.R.P. just so happenned to get dropped it will be known that it was not me, but one of their unlawful felonious schemes to try and cover up the cruel and unusual punishment shown to the inmates of W.C.Y.C.F. They being the administrative personel at W.C.Y.C.F.

I do hereby state that by the Almighty God I do solemly swear that everything stated in this document is true and that I have evidence to help it stand in any court of law. —

"Amended to Before A.R.P."

"Certified"

I, William G. Johnson inmate no. 100073, do hereby certify that I have this the 29th day of March, 2005 mailed a true and correct copy of the above and foregoing breif of this A.R.R. to, Larry G. Hardy, Legal claims Adjudinator, Administrative Remedy Program, P.O. Box 604, Parchman, MS 38738.

Respectively Submitted
William L. Johnson (100073)
William L. Johnson (100073)



Cornell Companies, Inc.

# Memo

Date: January 20, 2005

To: All Captains and Lieutenants

From: Chaplain Mann

Subject: Islamic Residents

Please be advised that on today, January 20, 2005, Imam Shabazz gave me a list of residents that are Islamic residents.

1.  Pierre Haynes—6 A
2.  Samuel Reed—6 A
3.  James Ratliff—6 A
4.  William Johnson—6 A
5.  Quinn McNeal — 6 A
6.  Everett Rivers— 6 D
7.  Glenn Thurman—6 D
8.  Christopher Smith ~ 6 C
9.  Michael Smith — 6 C
10. Jimmy Fisher— 6 C
11. Jeremy Murray 6 D
12. Brian Robinson ~ 5 B
13. Rickey Deloney ~ 7 D
14. Michael Ross — 7 C
15. Eric Jackson  - 7 C
16. Sedric Lewis — 7 C
17. Frankee Brown — 7 C
18. Gavian Stovall — 7 C
19. Travis Lowe  - 7 D
20. James Musgrove — 7 D
21. Willie Powell ~ 7 D
22. Orlando Thomas 6 A
23. Cortez Williams — 7 C
24. LaCharleston Stubbs - 6 C
25. Markeith Pass ~ 6 D - 8 C
26. Antwan Watkins — 7 D
27. Roddrick Hibbler — 6 D

Anthony Hen......  — 6 A
... Rob.....  — 6...
Victor Cunningham  6 B 15
Rickey Mays  7 B 16

## WALNUT YOUTH CORRECTIONAL FACILITY
### ADMINISTRATIVE REMEDY PROGRAM

THIS A REQUEST FOR ADMINISTRATIVE REMEDY

INMATE NAME: Pierce Haynes

MDOC#: 1st 3937  UNIT/CELL: 6-A-24  DATE: March 1st 2005

DATE OF INCIDENT: March 1st 2005

TIME OF INCIDENT: 6:30pm

PLACE OF INCIDENT: w.6.Y.C.F.

COMPLAINT ON: Warden Jackson

STATEMENT:

I, Pierce Haynes inmate resident #3937 in the above institution am filing this A.R.P on warden Donald Jackson at W.6.Y.C.F for his willfully, unlawfully and Feloniously breaking of our First Amendment U.S. constitution Bill of Rights. Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the Press; or the right of the people peaceably to assemble, and to Petition the government for redress of grievances. ¶ see case number 4:02 cv64-D-A / 4:95 cv283-D-A

Warden "Donald Jackson" terminated our previous Muslim Imam Shahid Q. Shabazz and refused to replace him. Islam is the religion that I Pierce available has complicated the way I practice my beliefs because I do not have nobody to teach the islams while Imam Shabazz was still employed here at walnut Grove Youth correctional Facility made a list for the inmates to attend Islamic Services and if your name wasn't on the list you couldn't attend Islamic Services. When I go to muslim Services The prison Officer's harass the muslim inmates during our holy Quran. But when it comes to the Christian Services and they don't have any problems coming or going. They have Officer's Standing in Service with the radio up loud disrespecting us while in Service but none of this

RELIEF SOUGHT:

I would like to file a civil Act against inmate Williams Johnson ......... nothing ......... and this A.R.P

Page 2# of A.R.P.

happen in christian services. He trys to force christian upon the muslim. He also stop The Imam Shabazz From going to C-D custody inmates.

Respectfully Submitted

Pierre Haynes L# 3437
Post office Box 389
Walnut Grove M.S. 39189

2 pages of A.R.P.

Dear                                                    January 27,2005

    Ronald R. Welch

    Samuell Reed # L1977    , James Ratliff
Orlando Thomason K-8918, William Johnson 100073,
        PlOne Haynes N# 5757
        Jimmy Murray N# 2480

we the above inmates are writing because we are
in need of your assistance at (W.G.Y.C.F) Walnut
Grove Youth correctional facility. Because our
civil rights first Amendment has be violated as
Inmates. This facility has a lot of young
muslim, and various individuals who are turni-
ng toward Al-Islam to learn and become
more knowlegdble of different views of Islam
in general. and there are less christian. And
during muslim services. Theres about 75 or close
to 100 muslim that want to attend, and as soon
as we are lined up at the slider to proceed
to service. we are stopped by the officer's
from the bottom of the chain of command
to the top which is the captain in that caste.
But when Christian Services come around
between 75 or 100 christian may attend and
will be allowed to proceed to christian services
with no problem whatsoever. That's a clear
cut showing of Deliberate Indifferent. It is

in direct violation of our 1st Amendment Rights
which is the right to practice one's religious
belief as in accordance with rules and guidlines
nothing has been broke or breeched on our part
as inmates, when we ask them why do they
oppress us and deny us our religious Practice
they said state nothing to support there act
and show justifyed cause. But as far as our
religious right to embrace Islam has been
meet with harsh reprix and hatred since
the events dealing with the September 11 bomb-
ing of the world trade center and the events
within the middle east during these trying
times of wars over sects and religion and
partisian views and so far But as you see all
these issue are of one complete basic foun-
dation, each a part of the other and none
before the other. It's all comes to a basic
basic violation of our rights stated in the
constitutional amendment that this country was
founded upon as refined down through history
to this very day for all people of this nation
so general and individually. Now on the
25 day of January 2005 I had a conversa-
ion with the Assistant warden, and the
warden of operations because the NAACP

got involved as well as the Deputy commissioner
about our right's being violated and these
Also warden specifically told me that they
will make sure that we practise our religio-
ns on Tuesday, Thursday and Friday. But now
on Thursday 27 day of January The Head
warden Donald Jackson says we are not going
to muslim Service because we are on locked down
but in the hallways his Officer's says we
are on restricted movement. we was put on
lock down because of Something another
inmate has done which is group Punishment
as Deliberate Indifferent. The Officer on the
Zone didn't call the security down to the
Zone and said she was having problem with
the inmates locking down or called a code blue
which is the code for fighting. That's
another reason he call himself locking
us down. But nothing was reported. The officer
didn't call the shift commander to let him
no that we have been locked. This is a every
day thing for the above inmates.

If you need to speak with
anyone please call Rev Pierre Haynes 1st Jury
and Set a meeting up with us, or him.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KEITH GIVHAN, ET AL.,                           PLAINTIFFS

                            CIVIL ACTION CONSOLIDATED NOS.

VS.                                     GC82-64-X-D
                                        GC82-77-X-D
                                        GC82-179-X-D
                                        GC82-180-X-D
                                        GC82-181-X-D
                                        GC83-5-X-B-D

MORRIS THIGPEN, ET AL.,                          DEFENDANTS

AGREED ORDER OF SETTLEMENT AND DISMISSAL

The Court having been advised that the parties have
compromised and settled the dispute arising from this cause
of action, it is:

ORDERED:

That the Motion for Contempt in the above styled and
numbered civil action be, and hereby is dismissed with
prejudice,subject to the following provisions:

1.  That in full and complete settlement of any and all
claims raised or arising out of the Motion for Contempt filed
by plaintiff's complaint herein, the defendants and
plaintiffs agree that the Agreed Order of Settlement and
Dismissal entered by this Court on November 18, 1985 be

[Page 1 of 6]

modified as follows:

    a. <u>Place of Worship</u>: The defendants will allow all members of plaintiff's class, as identified by the Chaplain's Department, who are "A" and "B" custody, to attend worship services one Friday a month at the gym at Unit-29. Transportation and security will be available to carry out this requirement. <u>All "A" and "B" custody members of the class will be allowed to congregate in their units, for the purpose of Muslim worship and/or study, on every other Friday of the month.</u> For purposes of this order, a unit consists of all buildings within the complex (i.e. Units 29 and 30). "A" and "B" custody members of the class of all buildings will be allowed to congregate together in a designated area within that unit for the time designated. All "C" custody inmates or other inmates whose movement is restricted will be allowed to worship in their cells and possess religious materials that are consistent with the rules and regulations of the unit.

    b. <u>Full-Time Imam</u>: Any application for the

position of a full-time chaplain, by a Muslim Imam, will be thoroughly considered by the defendants. However, due to the fact that Mississippi Personnel Board controls qualifications for the position of chaplain, any such applicant must meet those qualifications. However, defendants will assist any applicant recommended by plaintiffs in getting approval for the position of full-time chaplain by the Mississippi Personnel Board.

c.  **Diet:**  Defendants have contracted with Valley Food Service to provide three balanced meals to all inmates, including plaintiffs. Defendants will continue to meet the Lockhart v. Hollowell, GC73-70-K, requirement of at least one (1) pork-free meal daily. Additionally, a sufficient quantity of pork-free items will be included on the other two meals per day to insure that Muslim inmates receive an adequate daily diet of no less than 2,000 calories per day. And in addition, defendants will post in each prison housing unit a copy of the daily

Exhibit "A" (Page 3 of 6)

menu so that each member of plaintiffs' class
will be advised of the meals on a daily basis.
Further, the defendants agree that an Inmate
Muslim Council of not more than five (5)
inmates shall be elected or appointed by the
inmate Muslim population, and that this Council
will be allowed to communicate both by written
correspondence and in person with the Deputy
Superintendent of Treatment and Support
Services. The Committee may present ideas and
suggestions regarding issues related to the
Muslim population in the MDPC to include the
assurance of one (1) pork-free meal a day.

d. <u>Hair and Beards</u>: The defendants agree that
Rule 6, Section (a), of the <u>Inmate Handbook and
Rules and Regulations</u>, will be revised to read
"mustaches will be neatly trimmed at all times.
Beards and goatees <u>in excess of 1/2 inch</u> are
not permitted for identification purposes."
The defendants further agree that each of the
three musters of correctional officers at
Parchman will be read the directive of the
Superintendent dealing with the above rule.

within thirty (30) days of this Order, and that the next printing of the <u>Inmate Handbook and Rules and Regulations,</u> will be revised to reflect the language of this Order concerning the growth of beards.

e. <u>Religious Material:</u> Plaintiff class will be free, within the rules and regulations of the Mississippi Department of Corrections to solicit and procure funds and/or material for their religious use. Plaintiff class may wear Kuffi caps, consistent with the rules on wearing of hats for the inmate population.

f. The defendants agree that instruction on the Muslim religion and practice will be given to correctional officers in the Mississippi Department of Corrections Basic Training School.

g. The defendants agree to post this Agreed Order of Settlement and Dismissal in each housing unit on the first month after it is signed.

2. It is expressly understood by the parties that the provisions in this Order do not constitute a "prevailing" or an admission of liability by the defendants, or a recognition

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KEITH GIVHAN, ET AL.,                                    PLAINTIFFS

V.                                    LEAD CASE NO. 4:82CV64-B-A

STEVE PUCKETT, ET AL.,                                    DEFENDANTS


CONSOLIDATED WITH

CURTIS ANTONIO WAY, ET AL.,                              PLAINTIFFS
V.                                                 NO. 4:95CV283-D-A
STEVE PUCKETT, ET AL.,                                   DEFENDANTS

---

Plaintiffs' class counsel respectfully files this, his Fourth Report To The Court as follows:

1. Class counsel has previously filed: (1) a written interim report dated September 3, 1996; (2) an ore tenus, telephone report to the Court's Law Clerk on October 10, 1996, and (3) Counsel's Third Report To The Court, dated October 11, 1996, all of which are incorporated by reference herein.

2. The Plaintiff class herein is presently defined as "all inmates at the Mississippi State Penitentiary at Parchman who are adherents of the Muslim religion". Order filed August 17, 1982, page 2. (Emphasis added)

3. Following the filing of counsel's Third Report, individual members of the class at Mississippi State Penitentiary (MSP) wrote letters to instant class counsel complaining, inter alia, that the proposed agreement's

10 hours of Imam time per week for CMCF, and 10 hours of Imam time per week for SMCI.

The 20 hours per week of Imam time to be spent on Muslim affairs at MSP is approximately equal to the amount of time a full-time Imam on the Chaplain's staff would be able to spend specifically on Muslim affairs. All chaplain's MSP staff members, have many general and non-denomination-specific duties and responsibilities.

The 10 hours per week of Imam time at each facility is intended to allow an Imam living near each facility to conduct Jum'ah services every Friday, as well as engage in additional instruction/counseling with those willing members of the plaintiff class.

F. Plaintiffs' class counsel will request, pursuant to the terms of the DOC contract with them, that the authorities operating the two private prisons, Marsall County Correctional Facility (MCCF) (Wackenhut) and Delta Correctional Facility (DCF) (Corrections Corporation of America) independently provide/finance services at each of these prisons 10 hours of Imam time per week at $15 per hour. The DOC will be responsible for providing/financing these services at the private prisons if, for any reason, the private operators do not provide same.

5. An Order incorporating the above points of agreement will be drafted this week, and, when counsel's signatures

## CERTIFICATE OF SERVICE

I, Ronald Reid Welch, attorney for plaintiffs in the foregoing cause, do hereby certify that I have this day mailed a true and correct copy of COUNSEL'S FOURTH REPORT TO THE COURT via United States Postal Service, first-class postage prepaid, to the following counsel for defendants:

> Hon. Leonard Vincent
> Senior Attorney, Legal Department
> Department of Corrections
> Parchman, MS 38738

This, the 2 day of December, 1996.

Ronald Reid Welch